UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
LORI ANN PUTNAM,

                    Plaintiff,                **MEMORANDUM AND ORDER**
                                                            Case No.: 1:21-CV-03585-FB

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
--------------------------------------------------x

Appearances:

*For the Plaintiff*:
Edward J. Pavia Jr., Esq.
Jonathan D'Agostino & Associates, P.C.
3309 Richmond Avenue
Staten Island, NY 10312

*For the Defendant*:
BREON PEACE
United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
By: JOHN C. FISHER
Special Assistant U.S. Attorney
Eastern District of New York

**BLOCK, Senior District Judge:**

      Lori Ann Putnam ("Putnam") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for Social Security Disability ("SSD") benefits. For the following reasons, Putnam's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

I.

On January 29, 2019, Putnam applied for disability insurance benefits. She alleged disability as of June 1, 2018, due to degenerative disc disease of the lumbar spine, spinal stenosis, lumbar herniations with nerve root compression, a history of lumbar injections, a left middle trigger finger, insomnia, and anxiety with panic attacks. On May 18, 2020, an administrative law judge ("ALJ") held a hearing to determine if Putnam was disabled. In a decision issued on November 13, 2020, he found that she was not. The Appeals Council denied Putnam's request for review on May 27, 2021, and the ALJ's decision became the final decision of the Commissioner. This action followed.

II.

In reviewing a final decision of the Commissioner, a district court must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90-91 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). District courts will overturn an ALJ's decision only if the ALJ applied an incorrect legal standard, or if the ALJ's ruling was not supported by substantial evidence. *See id.* (citing *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). Substantial evidence is relevant evidence that a reasonable mind

2

could accept as adequate to support the ALJ's conclusion. *See Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022).

## III.

Remand is warranted here because the ALJ did not properly analyze the opinion of a medical expert, Dr. Anne Marie Stillwell, M.D. ("Dr. Stillwell"), as required under 20 C.F.R § 404.1520c(c). In doing so, the ALJ came to a decision based on legal error, necessitating remand.

In his review of the record, the ALJ concluded that Putnam was not disabled. To reach this determination, the ALJ erroneously found the opinion of Dr. Stillwell, Putnam's treating physician, unpersuasive. According to Putnam, Dr. Stillwell has treated Putnam from approximately 2016 through the present and the administrative record contains treatment records from her from August 2017 to March 2018. Dr. Stillwell opined that Putnam is limited to sedentary work and would need a job that permits shifting positions at will, periods of walking, and unscheduled breaks. Additionally, Dr. Stillwell determined that Putnam needs to elevate her legs, can never twist, stoop, crouch/squat, can rarely climb ladders or stairs, and can use her fingers only 50 percent of the time for fine manipulation on the left. Dr. Stillwell also advised that Putnam should avoid cold weather and wetness, should be able to be off task at least 25 percent of the time, and will likely be absent more than four days per month.

Despite Dr. Stillwell's recommendations and the supporting records, the ALJ concluded that her opinion was "not persuasive" because it was "not supported by her treatment records, which generally indicate that [Putnam] showed no significant limitations during physical examinations." A.R. 17. The ALJ also declared that Dr. Stillwell's opinion is "inconsistent with physical therapy records that reflect improvements in [Putnam's] symptoms." *Id.*

However, such conclusory reasoning is not a valid basis for dismissing a physician's opinion. While a treating physician's medical opinion is no longer presumptively given controlling weight,[1] the ALJ still must determine the persuasiveness of each medical source according to certain criteria mandated by 20 C.F.R. § 404.1520c(c). The factors that an ALJ must consider include supportability, consistency, relationship with the claimant and specialization, among others. *See* 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. *See* 20 C.F.R. § 404.1520c(a). The ALJ must articulate his or her consideration of these factors, including the persuasiveness of each source. *Id.* The ALJ did not do that. By failing to do so, he committed legal error which requires remand. *See Rucker*, 48 F.4th at 90-91.

---

[1] As of March 27, 2017, the Social Security Administration eliminated the treating physician's rule, which gave controlling weight to the opinion of a physician who treated a claimant.

In addition, an ALJ is not permitted to substitute his or her own judgment of a claimant's condition for a medical professional's determination. *See Balsamo v. Chater*, 142 F.3d 75, 91 (2d Cir. 1998) ("[I]t is well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion . . . [H]e is not free to set his own expertise against that of a physician . . .") (citing *McBrayer v. Sec'y of HH.*, 712 F.2d 795, 799 (2d Cir. 1983)). Thus, by denying the persuasiveness of Dr. Stillwell's opinion based on his own analysis of Putnam's physical therapy records, the ALJ incorrectly used his own interpretation of the raw medical data to support a finding of no disability.[2]

Because it is possible that the ALJ would have found Putnam disabled had he properly considered Dr. Stillwell's opinion, remand is appropriate. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (deeming remand for rehearing appropriate unless "there is no apparent basis to conclude that a more complete record might support the Commissioner's decision"); *see also Kirkland v. Astrue*, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008) (*quoting Butts v. Barnhart*, 388 F. 3d 377, 386 (2d Cir. 2004)) ("[r]emand for additional proceedings is particularly appropriate where, due to inconsistencies in the medical evidence and/or

---

[2] The ALJ determined that Putnam's physical therapy records reflect "an improvement in her symptoms," a judgement he was not permitted to make without the support of a medical expert's opinion. A.R. 17

5

significant gaps in the record, 'further findings would . . . plainly help to assure the proper disposition of [a] claim.'").

## IV.

Putnam's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED.**

                                              _/S/ Frederic Block_____

                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
March 21, 2023